Good morning, Your Honors. Eduardo Olivo on behalf of the Plaintiffs and Appellants. I will keep the section of my opening comments fairly brief, Your Honors. We have a good handle on all these cases. I believe that you do, and I believe that the 120 pages of briefing sets forth all the relevant facts and the disputed facts. We simply highlight the fact that there is a dispute of material fact, and that was the issue in the district court on summary judgment and is the issue on appeal. Unless there are questions, Your Honors, I would be happy to address them, but I understand that the briefing was very thorough and laid out all of the contentions of both sides. Any questions? I don't have any.  All right. There's nothing to rebut. You have a lot of time for rebuttal. You want to sit there? Well, we've had argument about a plaintiff. Well, I do have something to say. All right. There are a couple of points that I think the Court needs to keep in mind when analyzing this case. I'll try to say these things diplomatically. First, there are a variety of claims from a variety of people. I made a chart here where I could go through, but it probably won't be necessary given the plaintiff's presentation. But there are various reasons for, for instance, the California Civil Code 51.7, California Civil Code 52.1, the common law pending claims, et cetera, are not viable. The second point, so to finish that thought, the Court needs to carefully go through the case and see where, if any, there are viable claims. There are many that are clearly not, either for reasons of law or because the necessary allegations were not made. For example, several of the plaintiffs do not allege that they are arrested or that any quantum, significant quantum of force was used to accomplish their arrest if they were. The other point that I'd wish to make and emphasize to the Court is that we have all that. I've got right here a four-page diagram that lays all this out. You're three pages more than I am, Your Honor, so obviously the Court is way ahead of me. My problem, I'm too verbose. I'm sorry? No, no. We have it all, you see. You've got your brief, which is the heart of the case. Counsel has just, in effect, there's been no argument, and there's really nothing for you to rebut here. You've made your points in your brief, and, you know, we have this case well in hand, believe me. I know I should take a hint, Your Honor, but I really would like to make one more point. All right. Which is, as far as these so-called or the alleged disputed facts, is absolutely necessary to see whether the pages cited as evidence for these disputes back up the plaintiff's allegations. I think a very telling example is with regards to Brenda Gomez on page 13 of the plaintiff's brief. She, named Brenda Gomez, did not throw it in the soda can at anyone. If you paw through all of the page references that follow that statement, you find that Brenda Gomez says, I was carrying an empty can. Doesn't say she didn't throw it. I was just carrying an empty can. The can was empty. The rest of the statements are merely that I did not see Brenda Gomez throw the soda can. Well, I did not see it, the clerk did not see it, and you did not see it. The fact that someone did not see her do it does not mean that she didn't do it. The officers specifically state in their declarations, in their testimony, she threw the can. There's no contradiction that she did not throw the can anywhere in the record. It's just not there. She could have said, I didn't throw the can, but she doesn't say that. She could have gotten someone to say, I saw what happened. She was hit from behind. The can flew through the air. She did not throw it. But none of the other witnesses say that. And I think that, although this is a particularly salient example, much of the rest of the plaintiffs. And we checked out the record, believe me. I believe you do, Your Honor. And that's why I started out by saying that I was trying to say this as diplomatically as I can. Perhaps I was not diplomatic enough. Oh, you're very diplomatic. So I will conclude on those two points. Okay. Thanks. Good night, Your Honor. The matter stands submitted. And thank you. You'll hear from us in due course. Now we come to AEG Contractors. Concerts. Huh? Concerts. Oh, concerts, yeah. Excuse me. AEG Concerts versus Donald and Tina Hewitt.
judges: Pregerson, Hall, Hawkins